August 9, 1978.

Appeal No. 78-295. RALPH FARGNOLI, JR. *et al. v.* VINCENT A. CIANCI, JR., *et al.* This civil action was instituted in the Superior Court by six individuals, three of whom are members of the Providence City Council and the remaining three are officeholders of various city boards and commissions who were allegedly removed from office as a result of appointments made to the boards and commissions at a council meeting on July 12, 1978. The officeholders brought suit individually and on behalf of the class of persons who were purportedly removed from their respective offices with the City of Providence by reason of the city council action. Named as the defendants were the mayor and the treasurer of the City of Providence and four persons who were appointed to various offices at the July 12 meeting. The appointees were sued individually and as representatives of a class consisting of all the appointees named at the council meeting.

The plaintiffs alleged that the appointments made at the council meeting were null and void for many reasons including the absence of a quorum. Through their action plaintiffs sought to enjoin the appointees from serving in any of the positions, to prevent the mayor and the treasurer from assisting or providing assistance by way of payments or salaries or otherwise to the appointees, and to enjoin any city official from interfering with officeholders and all others in the class in the performance of the duties of their respective positions.

A three-day hearing was held before a justice of the Superior Court at which both sides presented evidence in support of their respective contentions. While the hearing was underway, the trial justice directed the entry of an order which barred any city, board, commission, committee or office to which an appointment was made from meeting or from entering into any contract on behalf of the city or any of its agencies. On July 28, the trial justice in a bench decision ruled that the July 12 appointments were lawfully made. Thereupon, a judgment was entered in which the trial justice noted that the court "treated the plaintiffs' complaint as a class action" and "the relief sought by plaintiffs is in the nature of quo warranto and of general injunctive relief." Subsequently, an order was entered in this court which stayed the enforcement of the trial justice's order. Our order further provided that the July 19 temporary restraining order would remain in full force and effect until 5:00 p.m., August 1, 1978, at which time it would automatically be vacated unless otherwise extended by an order of the court. We have extended the stay. In due time briefs and memoranda were filed by the parties and oral arguments were heard on August 14.

At oral argument we *sua sponte* raised the question of the Superior Court's jurisdiction to entertain the plaintiffs' complaint. After consideration of the arguments presented we are of the opinion that the Superior Court lacked the requisite jurisdiction. Accordingly, the judgment entered on July 28 is hereby vacated.

This court is acutely aware that public interest demands

that the continuing controversy surrounding the alleged July 12, 1978 appointments be resolved in an expeditious fashion so that many of the vital services now provided by the city can resume. Consequently, we have decided to fashion our own writ. We will consider that part of the complaint filed in the Superior Court on behalf of plaintiffs Nancy Derrig, John Sheehan, and James McManus, all pre-July 12, 1978 officeholders, as being a petition in equity in the nature of quo warranto filed pursuant to G.L. 1956 (1969 Reenactment) §10-14-1 in which Derrig challenges defendant now respondent Carmine A. Bucci's title to office as a member of the Board of Park Commissioners, Sheehan challenges defendant now respondent Raymond Dettore, Jr.'s title to office as Chairman of the Bureau of Licenses, and McManus challenges defendant now respondent George T. Smith, Jr.'s title to office as a member of the Tax Assessment Board of Review.

For reasons that will appear in a subsequent opinion the July 12, 1978 appointments of respondents Bucci, Dettore, and Smith are nullities. The petitioners Derrig, Sheehan, and McManus are legally entitled to hold the offices of Park Commissioner, Chairman of the Board of Licenses, and member of the Tax Assessment Board of Review, respectively; the respondents Bucci, Dettore and Smith are excluded from exercising any of the powers of the aforesaid offices. The stay originally entered by this court in these proceedings is hereby vacated, and the parties may present a suitable decree to be entered by this court. Mr. Chief Justice Bevilacqua and Mr. Justice Weisberger did not participate. *Abedon, Stanzler, Biener, Skolnik & Lipsey, Milton Stanzler, Lynette Labinger, Edward Beiser, James Murray,* for plaintiffs. *Ronald H. Glantz,* City Solicitor, *Joseph A. Rotella, Thomas W. Pearlman,* for defendants.